## No. 1255.

THE TOWN OF OPELOUSAS EX REL. CHAS. M. THOMPSON, PRESIDENT, ET AL. VS. CLINTON B. ANDRUS.

37    699
c112  529

Suit in the name of " the town of Opelousas on the relation of the president and board of police of said town," is the equivalent of suit in the name of " the board of police of the town of Opelousas," which is the proper corporate title.

The fact that the board is authorized to appoint a collector, whose duty is to collect its taxes and pay them over to the board through its treasurer, does not prevent the corporation from suing in its own name to recover dues which its collector has failed to collect.

Where it appears that an ordinance has been duly considered and passed in the mode required by law by the board and has been duly promulgated by publication in the official journal bearing the name of the president as having signed the same, and had passed into execution, it will not be invalidated by the fact that the president had not actually signed it. The legislative provision requiring the president to sign all ordinances will, under such circumstances, be treated as directory only, unless the intent of the legislature to make it an essential condition be apparent.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth, J.*

*W. O. Perrault* for Plaintiffs and Appellees.

*Kenneth Baillio* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The action is brought to recover a license tax due under the provisions of an ordinance of the board of police of the town of Opelousas.

The suit is brought in the name of "the town of Opelousas *ex rel.* Chas. M. Thompson, president, and of Moses Green, Victor Lastrapes, H. E. Estorge, Emile Peffercour, George Pulford and James Lasalle, members of the board of police of said town." The first objection is that the suit should have been brought in the name of "the board of police of the town of Opelousas," which is the corporate title under the charter. It is, in effect, so brought, and the objection is frivolous.

Next, it is urged that, under the charter, Act 37 of 1876, it is made the duty of the collector appointed by the board of police to collect all taxes, and that the action could be brought only by said collector. Obviously the collector is merely the agent of the board, appointed by it and accountable to it. The taxes are due to the board, and it has clearly the right to sue for them when its agent has failed to collect.

The legality of the tax claimed is assailed on the ground that the ordinance imposing the same was not engrossed and was not signed by the president, as provided by sections 6 and 8 of the Act 37 of 1876.

The evidence of the clerk is that it was duly engrossed and it is uncontradicted.

It is shown that the ordinance was duly introduced, considered and adopted by the board and published as required by the law, and the publication carries the name of the president as having signed the same. The judge *a quo* seems to have been satisfied by the evidence that the ordinance was not actually signed by the president; though we find nothing in the record to satisfy us to that effect. But he concluded that the provision requiring the president to sign ordinances was directory merely, and that where the ordinance had been actually passed by the board, in the exercise of its authority and in accordance with all legal requirements, and had been duly promulgated by publication in the official journal and had passed into execution, the mere failure of the president to sign would not invalidate it, unless the legislative interest to the contrary was clear.

He is sustained in this conclusion by respectable authorities holding that "a legislative provision requiring the presiding officer of the council to sign all ordinances is directory in its nature. If regularly passed an ordinance is valid, though not thus authenticated." 1st Dillon on Munic. Corp. sec. 331 and notes.

The case of Breaux's Bridge, 30 Ann. 1105, rests on peculiar facts, and seems to indicate that, had the ordinance been promulgated by publication in the official journal purporting to have been signed by the mayor, the defect of his actual signature to the original ordinance would not, alone, have been fatal.

We see no reason to disturb the conclusions of the district judge on this point, or as to the amount due by defendant.

Judgment affirmed.